Mark S. Sidoti
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  973-596-4581
Fax:  973-639-6292

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI BLACKWOOOD MUSIC, INC; SONY/ATV SONGS, LLC; WARNER-TAMERLANE PUBLISHING CORP.; SQUISH MOTH MUSIC; and FALL OUT BOY INC. d/b/a CHICAGO X SOFTCORE SONGS, <br><br> Plaintiffs, <br><br> v. <br><br> MJC ENTERPRISE HOLDING, LLC d/b/a MIDLAND BREW HOUSE; and MICHAEL VARGAS, JENNIFER VARGAS, and CHRISTOPHER VARGAS, each individually, <br><br> Defendants. | Civil Action No. _____ <br><br> *Document Electronically Filed* <br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants MJC Enterprise Holding, LLC d/b/a Midland Brew House, Michael Vargas, Jennifer Vargas, and Christopher Vargas (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.  This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act").  This Court has jurisdiction

pursuant to 28 U.S.C. § 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 12 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff EMI Blackwood Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff Sony/ATV Songs LLC is a limited liability company.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.      Plaintiff Squish Moth Music is a partnership owned by Steve Harwell, Gregory Camp, Paul Delisle, and Kevin Iannello.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.      Plaintiff Fall Out Boy Inc. is a corporation d/b/a Chicago X Softcore Songs.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Defendant MJC Enterprise Holding, LLC is a limited liability company, organized and existing under the laws of the state of New Jersey, that operates, maintains and controls an establishment known as Midland Brew House (the "Establishment"), located at 374 North Midland Avenue, Saddle Brook, New Jersey 07663, in this district.

11. In connection with the operation of the Establishment, Defendant MJC Enterprise Holding, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12. Defendant MJC Enterprise Holding, LLC has a direct financial interest in the Establishment.

13. Defendant Michael Vargas is a member of Defendant MJC Enterprise Holding, LLC with responsibility for the operation and management of that Limited Liability Company and the Establishment.

14. Defendant Michael Vargas has the right and ability to supervise the activities of Defendant MJC Enterprise Holding, LLC and a direct financial interest in that Limited Liability Company and the Establishment.

15. Defendant Jennifer Vargas is a member of Defendant MJC Enterprise Holding, LLC with responsibility for the operation and management of that Limited Liability Company and the Establishment.

16. Defendant Jennifer Vargas has the right and ability to supervise the activities of Defendant MJC Enterprise Holding, LLC and a direct financial interest in that Limited Liability Company and the Establishment.

17. Defendant Christopher Vargas is a member of Defendant MJC Enterprise Holding, LLC with responsibility for the operation and management of that Limited Liability Company and

2549265.1  110887-95282

the Establishment.

18. Defendant Christopher Vargas has the right and ability to supervise the activities of Defendant MJC Enterprise Holding, LLC and a direct financial interest in that Limited Liability Company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20. Since December 2015, BMI has reached out to Defendants over fifty-five (55) times, by phone, mail, email and an in-person visit, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

21. Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

22. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all

references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

23. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

24. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

27. The specific acts of copyright infringement alleged in the Complaint, as well as

Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: June 15, 2017
Newark, New Jersey

**GIBBONS P.C.**

By: s/ J. Brugh Lower
    Mark S. Sidoti
    J. Brugh Lower
    One Gateway Center
    Newark, New Jersey 07102
    Tel:  973-596-4581
    Fax:  973-639-6292
    msidoti@gibbonslaw.com
    jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Song 2 |
| Line 3 | Writer(s) | Damon Albarn; Graham Coxon; David Rowntree; Steven Alexander James |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music, Inc. |
| Line 5 | Date(s) of Registration | 7/3/97    8/6/98 |
| Line 6 | Registration No(s). | PA 781-334    PA 906-749 |
| Line 7 | Date(s) of Infringement | 2/19/17 |
| Line 8 | Place of Infringement | Midland Brew House |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Take On Me |
| Line 3 | Writer(s) | Magne Furuholmen a/k/a Mags Furuholmen; Pal Waaktaar; Morten Harket |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 9/9/85 |
| Line 6 | Registration No(s). | PA 274-789 |
| Line 7 | Date(s) of Infringement | 2/18/17 |
| Line 8 | Place of Infringement | Midland Brew House |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | All Star |
| Line 3 | Writer(s) | Greg Camp |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Steve Harwell, Gregory Camp, Paul Delisle and Kevin Iannello, a partnership d/b/a Squish Moth Music |
| Line 5 | Date(s) of Registration | 10/25/99 |
| Line 6 | Registration No(s). | PA 960-262 |
| Line 7 | Date(s) of Infringement | 2/19/17 |
| Line 8 | Place of Infringement | Midland Brew House |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Sugar, We're Going Down a/k/a Sugar, We're Goin Down |
| Line 3 | Writer(s) | Patrick Stumph; Peter Wentz; Andrew Hurley; Joseph Trohman |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; Fall Out Boy Inc. d/b/a Chicago X Softcore Songs |
| Line 5 | Date(s) of Registration | 8/11/05 |
| Line 6 | Registration No(s). | PA 1-293-246 |
| Line 7 | Date(s) of Infringement | 2/18/17 |
| Line 8 | Place of Infringement | Midland Brew House |